UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JACQUE CUMMINGS,                                         No. 00-12475

                               Debtor(s).
_____/

JACQUE CUMMINGS,

                               Plaintiff(s),

       v.                                           A.P. No. 06-1136

EDUCATIONAL CREDIT MANAGEMENT
CORPORATION,

                               Defendant(s).
_____/

Memorandum After Trial
_____

     Debtor and plaintiff Jacque Cummings is 68 years old and bearing the weight of her years. She walks with some difficulty using a cane. This year has been very difficult for her health-wise, with a serious hospitalization. Next year promises to be even more challenging, with total replacement of both knees scheduled. Cummings is single and lives in a rented trailer in a senior mobile home park. Her total income is about $1400.00 per month in social security benefits and a small pension. In this adversary proceeding, she seeks to have her student loan obligations of about $100,000.00 to defendant Educational Credit

1

Management Corporation (ECMC) discharged pursuant to § 523(a)(8) of the Bankruptcy Code due to undue hardship.[1]

Cummings obtained her masters degree in psychology in 1993, and is a licensed marriage and family therapist. Until earlier this year when she became seriously ill, she had been taking assignments from the U.S. military to travel to Germany and counsel military families. She is unable to continue to do so because of her health. She maintains a small mental health practice, currently with only one patient.

This Circuit has adopted the "Brunner Test" for determining undue hardship. *In re Pena,* 155 F.3d 1108 (9th Cir. 1998). This court has long been spitting into the wind by noting that the test is a terrible example of judge-made law which gives no real guidance to a court in determining what undue hardship is. However, if there was undue hardship in *In re Nys*, 446 F.3d 938 (9th Cir. 2006), then Cummings is a candidate for the Medal of Freedom or sainthood. The debtor in *Nys* was a perfectly healthy 51-year-old woman making $40,000.00 per year. Cummings is 17 years older, in very poor health, and makes a third as much. Cummings lives much more modestly. It is a virtual certainty that Cummings cannot maintain a minimal standard of living for herself if she has to pay anything on her student loans and that due to her health and age this situation will persist the rest of her life.

The worst part of the Brunner Test is the requirement that a debtor has to have made a good faith effort to pay the loans. Congress said nothing about such a requirement in the Bankruptcy Code, and Congress knows how to draft a good faith requirement when it wants one. An effort to repay has absolutely nothing to do with hardship. Because of this ill-considered test, ECMC is given a basis for arguing that a crippled 68-year-old single woman with poverty-line income living in a rented trailer ought to pay $100,000.00 in student loans.

The court notes that Cummings is honest, simple and straightforward. She has done service to her country by taking difficult assignments in Europe to deal with problems of military families. She would

---

[1] A default judgment discharging the student loans was entered shortly after the base case was filed in 2000. Apparently, there was a defect in prosecution of that case which delayed adjudication on the merits until now.

2

continue to do so if she were able. To say she has in any way behaved dishonorably or in bad faith is nothing less than a slander.

ECMC justifies throwing the charge of bad faith at Cummings by saying that she never made any payments on her loans and failed to make a deal under the "Ford Program." Addressing the latter first, the court knows of no other area of law where a party is guilty of bad faith because she did not settle. But for the good faith prong of the Brunner Test, which was made up out of whole cloth and is in no way related to the language of the statute, such matters would be barred by Rule 408 of the Federal Rules of Evidence. Cummings did explore the Ford Program, but concluded that she could not accept its terms. It may be that Cummings did not accept the Ford Program because she did not understand it, or she was uncomfortable with the tax consequences, or that she had some other reason for not settling. The fact that she did not settle does not mean that she is guilty of bad faith.[2]

In a position worthy of Simon Legree foreclosing on a mortgage or a Shakespearian moneylender demanding his pound of flesh, ECMC argues that Cummings has to make payments on her loan until she is 83 because her failure to pay on her loans constitutes bad faith. The court does not agree. Cummings has lived a very modest lifestyle since her graduation in 1993. She started working in her profession in 1996. She obtained two deferments and a year of forbearance, consolidating her loans in 1997. She paid other student loans, and the court has no doubt that she would have paid those at issue here if she were able to do; her age and health caught up with her before she could begin payment. There has been no time since her graduation when Cummings, even with her very modest lifestyle, had sufficient income to begin repaying her student loans. In the absence of mandatory authority, the court declines to equate inability to pay with bad faith.

For the foregoing reasons, the court will enter a judgment declaring the student loans at issue to be discharged due to undue hardship. Cummings shall also recover her costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and

---

[2] ECMC argues, citing *Nys*, that "a debtor must consider the Ford program before undue hardship can be found to exist." The court does not believe this is a proper statement of the law. Exploring the Ford program is an "indicator" of good faith, not a litmus test for good faith.

3

Case: 06-01136    Doc# 24    Filed: 11/13/07    Entered: 11/13/07 14:35:46    Page 3 of 4

1 | FRBP 7052.  Counsel for Cummings shall submit an appropriate form of judgment forthwith.
2 |
3 | Dated:  November 13, 2007
4 |
5 | _____
6 | Alan Jaroslovsky
7 | U.S. Bankruptcy Judge

4